DeWine, J.
*238 {¶ 1} Ordinarily, pursuant to R.C. 5715.19(A), a taxpayer protesting the valuation of a property must file a complaint by March 31 of the year succeeding the tax year in question-e.g., a taxpayer disputing a valuation for tax year 2012 would have to file a complaint by March 31, 2013. But R.C. 5715.19(D) provides an exception to that requirement-if a taxpayer already has a complaint in the pipeline regarding that particular parcel and the county board of revision does not determine that complaint within 90 days, the taxpayer does not need to file complaints in succeeding years regarding that same parcel for as long as the original complaint is unresolved. Thus, a county board of revision may exercise "continuing-complaint jurisdiction" over a real-property-valuation dispute for a given tax year even though no formal complaint was filed for that year. E.g. , *239 1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision , 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, ¶ 18. *567 {¶ 2} In the case before us, Life Path Partners, Ltd. ("Life Path") sought to challenge the valuation of its property for tax year 2012 under the continuing-complaint provision. All the statutory requirements for continuing-complaint jurisdiction were met: the original complaint had not been resolved in 90 days and not until 2012. Nonetheless, the Cuyahoga County Board of Revision ("BOR") dismissed the case because Life Path had not asked the BOR to exercise its continuing-complaint jurisdiction prior to the deadline that would have applied if Life Path had filed a new complaint challenging the 2012 valuation (i.e., March 31, 2013). The Board of Tax Appeals ("BTA") affirmed the BOR's decision. We now reverse the BTA's decision and remand the cause to the BOR. The deadline imposed by the BOR and BTA is contrary to the plain terms of the continuing-complaint-jurisdiction statute, R.C. 5715.19(D).
BACKGROUND
{¶ 3} In February 2010, Life Path filed a complaint with the BOR against the Cuyahoga County fiscal officer's valuation for tax year 2009 of Life Path's .17-acre parcel located in Lakewood. The complaint sought to reduce the property's true value from $172,700 to $52,000. The Lakewood City School District Board of Education filed a countercomplaint, urging retention of the fiscal officer's valuation. On January 5, 2012, the BOR issued a decision reducing the property's value for tax year 2009 to $94,900.
{¶ 4} Life Path appealed that determination to the BTA. The tax-year-2009 dispute was ultimately resolved in November 2012, when the BTA approved a stipulation establishing the property's taxable value at $35,000-correlating to a true value of $100,000, see Ohio Adm.Code 5703-25-05(B) (defining a property's taxable value as 35 percent of its true value)-for tax years 2008 through 2011. The stipulation did not address the property's value for tax year 2012.
{¶ 5} The fiscal officer valued the property at $172,000 for tax year 2012. Life Path did not file a complaint to challenge that valuation. Such a complaint would have to have been filed by March 31, 2013. See R.C. 5715.19(A). Instead, in October 2014, Life Path sent a letter to the BOR requesting a reduction of the 2012 valuation to $119,000.[1] In Life Path's view, its failure to file a tax-year-2012 *240 complaint did not deprive the BOR of jurisdiction. Life Path argued that the BOR could exercise continuing-complaint jurisdiction over the tax-year-2012 value because the BOR did not rule on its tax-year-2009 complaint within 90 days as required by R.C. 5715.19(C) and the complaint remained pending before the BTA into 2012. But the BOR dismissed Life Path's challenge to the tax-year-2012 valuation for lack of jurisdiction. The BOR determined that Life Path's request was untimely because it was not made by March 31, 2013, the deadline for filing a complaint for tax year 2012.
{¶ 6} Life Path appealed to the BTA, requesting that it remand the matter to the BOR to issue a value determination for tax year 2012. The BTA construed Life *568 Path's appeal as requiring a determination whether R.C. 5715.19(D) imposes a deadline for invoking the BOR's continuing-complaint jurisdiction. Although the BTA acknowledged that R.C. 5715.19(D) does not definitively set forth a deadline for invoking continuing-complaint jurisdiction, it nevertheless determined that it was proper to subject Life Path's request to the same deadline that would have applied had Life Path filed a complaint for tax year 2012. Thus, it concluded that Life Path should have submitted its letter to the BOR by March 31, 2013. Because Life Path did not do so until October 2014, the BTA determined that Life Path failed to invoke the BOR's continuing-complaint jurisdiction. The BTA reasoned that a contrary holding would produce the absurd result of permitting the BOR's continuing-complaint jurisdiction to be invoked "in perpetuity." BTA No. 2015-39, 2015 Ohio Tax LEXIS 2126, *6 (Apr. 17, 2015). Life Path then filed this appeal.
LAW AND ANALYSIS
{¶ 7} The question before us is a simple one: does the BOR have jurisdiction over Life Path's challenge to the Cuyahoga County fiscal officer's valuation of the subject property for tax year 2012? To answer, we simply need to look to the plain terms of R.C. 5715.19(D) :
If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without *241 further filing by the original taxpayer, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section.
{¶ 8} The taxpayer, Life Path, filed a complaint "under this section." The complaint "was not determined by the [BOR] within the time prescribed for such determination," i.e., within the 90-day period set forth in R.C. 5715.19(C). Therefore, the complaint "shall be continued * * * as a valid complaint for any ensuing year until [the] complaint is finally determined." The complaint was not finally determined until 2012, so it continued in effect for that tax year "without further filing by the * * * taxpayer." And because it continued in effect, the BOR has jurisdiction to issue a value determination for 2012.
{¶ 9} R.C. 5715.19(D) is less clear on the mechanics of how to assert continuing-complaint jurisdiction over the value for a tax year that is left unresolved by the final determination of the original complaint. But submitting a request letter to the board of revision is enough to invoke the BOR's jurisdiction pursuant to the original complaint. See Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision , 87 Ohio St.3d 305, 306, 720 N.E.2d 517 (1999) ; AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 7. Life Path filed such a request letter in October 2014.
{¶ 10} The BTA's decision is contrary to the plain language of R.C. 5715.19(D) -nothing in that provision authorizes the BOR to dismiss a continuing complaint for lack of timeliness. And allowing a taxpayer to invoke a board of revision's continuing-complaint jurisdiction beyond *569 March 31 of the year following the year the original complaint is resolved is consistent with our precedent. In AERC , this court held that the board of revision had continuing-complaint jurisdiction when the original complaint was resolved in September 2006 and the taxpayer submitted after March 31, 2007, a letter invoking continuing jurisdiction over a 2005 valuation. If the lack of a deadline is a problem, it's up to the General Assembly to make an easy fix:
When the meaning of the language employed in a statute is clear, the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change of the law itself, which must be made by legislative enactment and not by judicial construction.
State ex rel. Nimberger v. Bushnell , 95 Ohio St. 203, 116 N.E. 464 (1917), syllabus.
*242 CONCLUSION
{¶ 11} Because Life Path properly invoked the BOR's continuing-complaint jurisdiction pursuant to R.C. 5715.19(D), we reverse the BTA's decision affirming the BOR's dismissal. We remand the cause to the BOR for further proceedings in accordance with this opinion.
Decision reversed and cause remanded.
O'Connor, C.J., and O'Donnell, Kennedy, French, O'Neill, and Fischer, JJ., concur.

Life Path's letter states that it "filed a 2010 tax year complaint on or around February 17, 2011 [sic, 2010]." The parties' briefs, however, regard this letter as describing Life Path's tax-year-2009 complaint. And the BTA's April 2015 decision likewise regarded Life Path as relying on its tax-year-2009 complaint as providing a foundation for invoking the BOR's continuing-complaint jurisdiction over the tax-year-2012 valuation. In light of the parties' and the BTA's references to tax year 2009, we presume that the letter's reference to tax year 2010 was mistaken.