DeWine, J.
*555 {¶ 1} This appeal involves a taxpayer's challenge to the taxable value assigned to its property for tax year 2012. The taxpayer did not file a new complaint for the 2012 tax year, but rather relied upon the continuing-complaint jurisdiction provided for in R.C. 5715.19(D). The Board of Tax Appeals held that the claim was barred because the taxpayer waited too long to notify the board of revision that it wished to pursue a continuing complaint for tax year 2012. We reverse. The time limitation imposed by the BTA is contrary to the plain language of R.C. 5715.19(D).
BACKGROUND
{¶ 2} On March 5, 2012, MDM Holdings, Inc. ("MDM"), filed a complaint before the Cuyahoga County Board of Revision ("BOR"), seeking a reduction in valuation of its property from $688,300 to $463,000 *352 for the 2011 tax year. After a hearing, the BOR reduced the value to $605,000 in a decision issued on May 13, 2013. MDM appealed to the BTA on June 11, 2013, and the BTA issued an order granting MDM's request for a voluntary dismissal on February 19, 2014. BTA No. 2013-1619, 2014 Ohio Tax LEXIS 1205 (Feb. 19, 2014).
{¶ 3} That short recitation of facts establishes our key dates. A March 5, 2012 complaint for the 2011 tax year was not resolved by the BOR until May 13, 2013. Because the BOR issued its decision more than 90 days after the complaint was *556 filed, the continuing-complaint provision of R.C. 5715.19(D) was triggered. Pursuant to R.C. 5715.19(D), if a taxpayer already has a complaint under review regarding a particular parcel and a board of revision does not determine that complaint within 90 days, the taxpayer need not file complaints in succeeding years regarding that same parcel as long as the original complaint is unresolved. Thus, a county board of revision retains jurisdiction to determine a real-property-valuation dispute for a given tax year even if the taxpayer has filed no formal complaint for that year. E.g. , 1495 Jaeger, L.L.C. v. Cuyahoga Cty. Bd. of Revision , 132 Ohio St.3d 222, 2012-Ohio-2680, 970 N.E.2d 949, ¶ 18.
{¶ 4} On January 15, 2015, MDM filed a request letter with the BOR asking it to conduct a hearing on the value of the property for tax year 2012; submitting such a letter to the board of revision is sufficient to invoke the BOR's jurisdiction pursuant to the original complaint. See Columbus Bd. of Edn. v. Franklin Cty. Bd. of Revision , 87 Ohio St.3d 305, 306, 720 N.E.2d 517 (1999) ; AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 7.
{¶ 5} The BOR dismissed the request letter based on a 30-day rule formulated by the county. Under that rule, a request letter asserting a continuing complaint is barred if it has not been filed within 30 days of the final decision rendered in the proceeding on the original complaint. Therefore, the BOR related, the request letter had to be filed within 30 days of the BTA's February 19, 2014 disposition of the original complaint regarding tax year 2011.
{¶ 6} On appeal, the BTA affirmed the dismissal, finding that the request letter was untimely-but on a different theory. The BTA held that the request letter was untimely because it had not been filed by the end of 2014, i.e., by the end of the year in which the BTA's final determination of the 2011-tax-year complaint was rendered. MDM appealed to this court.
ANALYSIS
{¶ 7} The question before us is whether the BOR has continuing-complaint jurisdiction over MDM's challenge to the Cuyahoga County fiscal officer's valuation of the subject property for tax year 2012. The relevant statute, R.C. 5715.19(D), reads:
If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination [i.e., the 90-day period set forth in R.C. 5715.19(C) ], the complaint and any proceedings in relation thereto shall be continued by the board as a valid *557 complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board. In such case, the original complaint shall continue in effect without further filing by the original taxpayer * * *.
*353 {¶ 8} Under the plain language of the statute, the BOR has jurisdiction to consider the valuation of MDM's property for tax year 2012. The proceedings before the BOR for the 2011 tax year began in March 2012 with "a complaint filed under this section" and did not conclude until June 2013, i.e., not "within the time prescribed for such determination." Thus, the BOR had continuing-complaint jurisdiction over the 2012 tax year-2012 was an "ensuing year" in which the complaint was not yet resolved. Therefore, the original complaint "continue[d] in effect without further filing by the original taxpayer" for tax year 2012.
{¶ 9} The BTA held that MDM filed its request letter too late to invoke the BOR's continuing jurisdiction. But, as we recently held in Life Path Partners, Ltd. v. Cuyahoga Cty. Bd. of Revision , 152 Ohio St.3d 238, 2018-Ohio-230, 94 N.E.3d 565, ¶ 10, "nothing in [ R.C. 5715.19(D) ] authorizes the BOR to dismiss a continuing complaint for lack of timeliness." Such a deadline is contrary to the plain language of the statute, which provides that until the original complaint is resolved, the complaint "shall continue in effect without further filing by the original taxpayer."
{¶ 10} In Life Path , the BTA had held that the taxpayer failed to invoke the jurisdiction of the BOR because it did not submit its request letter by March 31 of the year following the year when the original complaint was finally determined, i.e., by March 31, 2013, when the original complaint was finally resolved at the BTA in 2012. (A taxpayer filing an original complaint protesting the valuation of a property pursuant to R.C. 5715.19(A) must file the complaint by March 31 of the year succeeding the tax year in question.)
{¶ 11} Here, the rule imposed by the BTA was narrower-the taxpayer must make its continuing-jurisdiction request by the end of the year that the original complaint is resolved; the BTA held that since the original complaint for tax year 2011 was resolved in February 2014, MDM had to request the BOR's continuing jurisdiction by December 31, 2014. The BTA cited a statement from this court in AERC as authority for that determination; it wrote that "in AERC , * * * the court stated that the original complaint 'continues as a valid complaint through the year in which the final decision * * * is rendered. ' " (Emphasis and second ellipsis sic.) BTA No. 2015-60, 2015 Ohio Tax LEXIS 2480, *5-6 (June 2, 2015), quoting AERC , 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, at ¶ 12.
{¶ 12} But this reasoning does not survive a scrutiny of the facts in AERC itself. In AERC , 2006 was the year in which the complaint for tax year 2002 was *558 finally determined. After the auditor retroactively carried over the stipulated 2002 value to 2005, AERC invoked its continuing complaint as to 2005 by submitting a request for a hearing to the board of revision in May 2007 . BTA Nos. 2007-A-764 and 2008-A-157, 2009 WL 2846576, *1 (Sept. 1, 2009), rev'd and remanded , 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472. We upheld jurisdiction.
{¶ 13} Likewise, in Columbus Bd. of Edn. , 87 Ohio St.3d 305, 720 N.E.2d 517, we found that a request letter invoked the board of revision's jurisdiction even though it was submitted to the board in the year after the final year during which the proceedings on the earlier complaint were pending. In that case, 1996 was the year in which the 1993 complaint was finally determined; the request letter asserting the continuing complaint for 1996 was submitted in 1997. Id. at 306, 720 N.E.2d 517. Under the BTA's theory, the request letter in that case should have been submitted by the end of 1996, but we held that there was *354 jurisdiction to consider the request even though it was submitted the following year. Thus, even before this court's recent holding in Life Path , the BTA's rationale in this case was inconsistent with both the plain language of the statute and with our caselaw.
{¶ 14} Neither the BOR nor the BTA nor this court may establish a deadline contrary to the plain language of the statute. The BOR had jurisdiction to consider MDM's request for tax year 2012.
CONCLUSION
{¶ 15} Because the BOR had continuing-complaint jurisdiction pursuant to R.C. 5715.19(D), we reverse the BTA's decision affirming the BOR's dismissal. We remand the cause to the BOR for further proceedings in accordance with this opinion.
Decision reversed and cause remanded.
O'Connor, C.J., and O'Donnell, Kennedy, French, and O'Neill, JJ., concur.
Fischer, J., dissents.