[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Novita Industries, L.L.C. v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2023.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2023

NOVITA INDUSTRIES, L.L.C., APPELLANT AND CROSS-APPELLEE, *v.* LORAIN COUNTY BOARD OF REVISION ET AL., APPELLEES; LORAIN CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE AND CROSS-APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Novita Industries, L.L.C. v. Lorain Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-2023.]

*Taxation—Real-property valuation—R.C. 5715.19(D)—Requirement that proposed value be set forth applies to filing original complaints but not to invoking continuing-complaint jurisdiction of a county board of revision— Property owner properly invoked continuing-complaint jurisdiction of board of revision over owner's challenge to county auditor's valuation of subject property for tax year 2014—Board of Tax Appeals' decision reversed to extent it refused to exercise jurisdiction over property's 2014 value—Board of Tax Appeals ordered to assign aggregate value of $750,000 to parcels at issues for tax years 2012, 2013, and 2014, and to allocate that value to the individual parcels.*

(No. 2015-2073—Submitted April 10, 2018—Decided May 30, 2018.)

APPEAL from the Board of Tax Appeals, Nos. 2014-4243 and 2014-4424.

_____

**Per Curiam.**

{¶ 1} In this property-tax appeal, we address the "continuing-complaint" jurisdiction of appellee Lorain County Board of Revision ("BOR") over the value of a property for tax years 2012, 2013, and 2014. The taxpayer and property owner, appellant and cross-appellee, Novita Industries, L.L.C., sought a reduction from the value determined by the Lorain County auditor for those three years by asserting a continuing complaint. Novita predicated its claim on its originally filed complaint, which had challenged the property valuation for tax year 2009; that complaint was finally determined in 2014, and Novita's continuing complaint sought to apply the same value determined in that case to 2012, 2013, and 2014.

{¶ 2} In its appeal to this court, Novita challenges the decision of the Board of Tax Appeals ("BTA") that the BOR lacked continuing-complaint jurisdiction over tax year 2014. On cross-appeal, appellee and cross-appellant, Lorain City School District Board of Education ("BOE"), raises a more fundamental challenge by arguing that Novita failed to invoke the BOR's continuing complaint jurisdiction *for any of the tax years at issue*. Namely, the BOE contends that Novita failed to state its opinion of the property value on the form it submitted in 2014 and argues that the alleged omission deprived the BOR of continuing-complaint jurisdiction over any of the three years.

{¶ 3} Because we conclude that the BOR had continuing-complaint jurisdiction to determine the property's value for all three years, we reject the BOE's cross-appeal and we reverse the BTA's refusal to exercise jurisdiction over tax year 2014. We also order a modification to correct a clerical error: we direct that the parcels at issue be assigned an aggregate value of $750,000 for 2012, 2013,

and 2014. And we remand the cause for an allocation of the aggregate value to the individual parcels.

## I. Background

{¶ 4} Novita purchased the property at issue, a warehouse/industrial plant, in June 2009 for $750,000. Novita filed a decrease complaint for tax year 2009 seeking a reduction of value to that sale price, $750,000. BTA No. 2010-3585, 2014 Ohio Tax LEXIS 2409 (Apr. 15, 2014). The BOR retained the auditor's valuation and Novita appealed to the BTA, which ultimately issued a decision on April 15, 2014, that adopted the sale price as the property value for tax year 2009.

{¶ 5} 2012 was a reappraisal year in Lorain County, and the auditor assigned an aggregate value of $1,647,310 to the parcels at issue for that year. On July 14, 2014, Novita initiated the present proceedings by filing a DTE Form 1, the officially prescribed form for original complaints under R.C. 5715.19(A); the form explicitly placed tax years 2012 and 2013 at issue. Novita attached to the DTE Form 1 the BTA's April 15, 2014 decision, which it referred to on the face of the complaint form; the attachment served both as a list of the parcels at issue and as the basis for Novita's claim for reduction. The BOE filed a countercomplaint form seeking retention of the auditor's valuation.

{¶ 6} The BOR held a hearing at which the parties and the BOR members extensively discussed whether the 2009 value of $750,000 should be carried over into the new triennial period. In its prehearing brief to the BOR, Novita specifically requested that the value of $750,000 be carried forward to tax years 2012, 2013, and 2014. The BOR concluded that the law did not permit the carryover, and it therefore retained the auditor's valuation.

{¶ 7} On appeal, the BTA held a hearing at which Novita presented the testimony and appraisal report of Charles G. Snyder, a member of the Appraisal Institute, plus the testimony of an officer of Novita. On the basis of his income-capitalization and sales-comparison approaches, Snyder opined a value of $750,000

as of January 1, 2012—an opinion of value that was equal to the 2009 sale price. Snyder also criticized the cost-approach valuation set forth on the property-record card, which expressed a "current value" of $1,557,760.

{¶ 8} The BTA adopted Snyder's valuation for 2012 and 2013 but ruled that it lacked jurisdiction to determine the value for tax year 2014. Novita has appealed the BTA's jurisdictional ruling regarding 2014, and the BOE has cross-appealed, contending that the BOR lacked jurisdiction to determine the property's value for any of the three years.

## II. Analysis

{¶ 9} R.C. 5715.19(D) provides as follows:

> If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination [i.e., 90 days from the filing of the complaint or countercomplaint, *see* R.C. 5715.19(C)], the complaint and any proceedings in relation thereto *shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board*. In such case, the original complaint shall continue in effect *without further filing by the original taxpayer*, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section.

(Emphasis added.)

{¶ 10} Because a jurisdictional ruling typically calls into question the proper construction of the statute in relation to the facts of the case, it raises primarily a question of law that we must consider de novo. *See Diley Ridge Med. Ctr. v. Fairfield Cty. Bd. of Revision*, 141 Ohio St.3d 149, 2014-Ohio-5030, 22

N.E.3d 1072, ¶ 10. Here, the BTA found that "[f]or the BOR to have jurisdiction over tax year 2014, a proper complaint needed to be filed for that tax year after creation of the tax duplicate for that year and [before] March 31 of the following year. * * * As no complaint was filed, the BOR lacked jurisdiction over 2014." BTA Nos. 2014-4243 and 2014-4424, 2015 Ohio Tax LEXIS 4161, *8 (Nov. 30, 2015). There are two elements to this ruling: the first concerns the form Novita used to assert its continuing complaint and the other concerns the timing of Novita's submission.

{¶ 11} Our recent decision in *Life Path Partners, Ltd v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 238, 2018-Ohio-230, 94 N.E.3d 565, establishes two principles that are pertinent here. First, we acknowledged that "submitting a request letter * * * is enough to invoke the [board of revision's continuing-complaint] jurisdiction." *Id*. at ¶ 9. Second, we held that "nothing in [R.C. 5715.19(D)] authorizes [a board of revision] to dismiss a continuing complaint for lack of timeliness." *Id*. at ¶ 10.

{¶ 12} Relying on these recently articulated guidelines, we reject both elements of the BTA's jurisdictional ruling in this case. Namely, there was no requirement that Novita file a complaint that was "proper" in form in order to assert its continuing complaint for tax year 2014, because any form of written submission suffices to invoke a board of revision's continuing-complaint jurisdiction under *Life Path Partners*. Nor was there any limitation on the time for asserting Novita's continuing complaint because, as we held *in Life Path Partners*, the statute imposes no such limitation.

{¶ 13} To be sure, the time limit the BTA imposed in this matter differs from that addressed in *Life Path Partners*. In that case, the BTA determined that the taxpayer asserted its continuing complaint *too late*. Here, the BTA found that as to tax year 2014, the continuing complaint was asserted *too early*, inasmuch as the auditor's assessment for that year was not yet complete. We conclude, however,

that this is a distinction that is not jurisdictionally significant. As in *Life Path Partners*, "nothing in [R.C. 5715.19(D)] authorizes the BOR to dismiss a continuing complaint for lack of timeliness." *Life Path Partners* at ¶ 10.

{¶ 14} Turning to the first proposition of law asserted in the BOE's cross-appeal, we note that the BOE (1) asserts that Novita failed to request a specific value in its July 2014 submission to the BOR and (2) argues that the alleged omission deprived the BOR of jurisdiction to determine the property's value for any of the three tax years at issue. We reject both the factual premise and the legal argument.

{¶ 15} First, the factual premise is false because the complaint form filed by Novita specifically set forth, as the justification for changing the value, the "[r]uling from the Ohio Board of Tax Appeals under Case No. 2010-3585 Entered 4/15/2014." And Novita attached the BTA decision it referred to, which itself sets forth the redetermined values of the parcels at issue.

{¶ 16} When it filed its complaint form, Novita relied on the attached BTA decision both to identify the parcels and to specify the values that should be assigned to them. Accordingly, the BOE's jurisdictional challenge fails because Novita did assert the value sought for the property when it incorporated the BTA's decision by reference.

{¶ 17} Second, as a matter of law, the requirement that a proposed value be set forth applies to filing *original* complaints but not to invoking a board of revision's jurisdiction over a continuing complaint. R.C. 5715.19(D) plainly states that when continuing-complaint jurisdiction has been triggered, the original complaint "shall continue in effect without further filing" of any kind at all. *Accord AERC Saw Mill Village, Inc. v. Franklin Cty. Bd. of Revision*, 127 Ohio St.3d 44, 2010-Ohio-4468, 936 N.E.2d 472, ¶ 35 (R.C. 5715.19(D) "permits continued jurisdiction without further filing"). Thus, no particular formal requirements constrain the party who asserts a continuing complaint; the litigant may rely on any

form of submission that adequately brings its intention to do so to the board of revision's attention.

{¶ 18} We have held that a procedural error or omission ordinarily does not affect jurisdiction in a tax proceeding unless the error or omission constitutes a violation of a requirement set forth in the applicable statutes. *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 16, 18, 23. Because R.C. 5715.19(D) specifies no formal requirements for asserting a continuing complaint, there are no *jurisdictional* prerequisites of a formal nature.

{¶ 19} Finally, the parties are in agreement regarding the second proposition of law asserted in the BOE's cross-appeal: the BTA made a numerical error that did not fully reflect its decision to adopt $750,000 as the aggregate value of all the parcels constituting the property at issue. Specifically, the BTA assigned values to the component parcels that add up to $749,190 rather than $750,000.

{¶ 20} R.C. 5717.04 authorizes us to "modify [the BTA's decision] and enter final judgment in accordance with such modification." Because the issue has been properly preserved and raised and because the parties agree on its proper resolution, we order modification of the BTA's decision to reflect an aggregate property value of $750,000 for the parcels at issue. On remand, the BTA shall determine a proper allocation of the aggregate value among the parcels.

### III. Conclusion

{¶ 21} For the foregoing reasons, we reverse the BTA's decision to the extent that it refused to exercise jurisdiction over the subject property's value for tax year 2014 and we hold that the BOR had jurisdiction to determine the property's value for tax years 2012, 2013, and 2014. We also modify the BTA's decision by ordering that an aggregate value of $750,000 be assigned to the parcels at issue for tax years 2012, 2013, and 2014. Finally, we remand the cause to the BTA for an allocation of the aggregate value to the individual parcels.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Black, McCuskey, Souers & Arbaugh, and Thomas W. Connors, for appellant and cross-appellee.

Kolick & Kondzer, Thomas A. Kondzer, and Joseph A. Volpe, for appellee and cross-appellant.

_____