**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Molly Co. Ltd. v. Cuyahoga Cty. Bd. of Revision,* **Slip Opinion No. 2018-Ohio-4070.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4070

MOLLY COMPANY, LTD., N.K.A. MOLLY COMPANY, L.L.C., APPELLANT, *v.* CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Molly Co. Ltd. v. Cuyahoga Cty. Bd. of Revision,* Slip Opinion No. 2018-Ohio-4070.]**

*Real-property valuation—R.C. 5715.19(D) does not authorize dismissal of a continuing complaint for lack of timeliness—Board of Tax Appeals' decision reversed, and cause remanded.*

(No. 2016-0290—Submitted September 11, 2018—Decided October 11, 2018.)

APPEAL from the Board of Tax Appeals, No. 2015-1157.

_____

**Per Curiam.**

{¶ 1} The property at issue in this case was the subject of a 2011 valuation complaint filed by the owner, appellant, Molly Company Ltd., now known as Molly Company, L.L.C. Appellee Cuyahoga County Board of Revision ("BOR") issued its decision on the 2011 complaint more than 90 days after it was filed, and the matter

was not finally resolved until January 2014, after an appeal to the Board of Tax Appeals ("BTA"). "Pursuant to R.C. 5715.19(D), if a taxpayer already has a complaint under review regarding a particular parcel and a board of revision does not determine that complaint within 90 days, the taxpayer need not file complaints in succeeding years regarding that same parcel as long as the original complaint is unresolved." *MDM Holdings, Inc. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 555, 2018-Ohio-541, 99 N.E.3d 351, ¶ 3. In February 2015, pursuant to R.C. 5715.19(D), Molly Company sought to invoke the BOR's continuing-complaint jurisdiction for tax year 2012. The BOR denied Molly Company's request for a hearing for tax year 2012, stating that Molly Company had failed to invoke the BOR's continuing-complaint jurisdiction because it did not request a hearing within 30 days after the tax-year-2011 complaint was finally determined. The BTA affirmed the BOR's refusal to hear the case, although it held that Molly Company had had until the end of 2014 to request a hearing.

**{¶ 2}** Molly Company appeals to this court, arguing that R.C. 5715.19(D) does not impose the deadlines applied by the BOR and the BTA. We addressed this issue earlier this year in *Life Path Partners, Ltd. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 238, 2018-Ohio-230, 94 N.E.3d 565. We held that "nothing in [R.C. 5715.19(D)] authorizes the BOR to dismiss a continuing complaint for lack of timeliness." *Id*. at ¶ 10. *See also MDM Holdings* (applying *Life Path*); *Novita Indus., L.L.C. v. Lorain Cty. Bd. of Revision*, 153 Ohio St.3d 57, 2018-Ohio-2023, 100 N.E.3d 387, ¶ 11-13 (same). Thus, the BTA's decision affirming the BOR's dismissal of Molly Company's continuing complaint as untimely was unreasonable and unlawful. *See* R.C. 5717.04.

**{¶ 3}** Because the BOR had continuing-complaint jurisdiction under R.C. 5715.19(D), we reverse the BTA's decision and remand the cause to the BOR for a determination of the subject property's tax-year-2012 value.

Decision reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Vorys, Sater, Seymour & Pease, L.L.P., Karen H. Bauernschmidt, Nicholas Ray, and Heather M. Lutz, for appellant.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Saundra Curtis-Patrick, Assistant Prosecuting Attorney, for appellees Cuyahoga County Board of Revision and Cuyahoga County Fiscal Officer.

_____