[Cite as *Corex Partners, L.L.C. v. Franklin Cty. Bd. of Revision*, 2020-Ohio-3865.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Corex Partners LLC,<br>Chou Katella Partners, | : | |
| | : | |
| Appellees, | : | No. 19AP-322 |
| | : | (B.T.A. No. 2018-1602) |
| v. | : | (REGULAR CALENDAR) |
| Franklin County Board of Revision et al., | : | |
| Appellees, | : | |
| | : | |
| Westerville City Schools Board of Edn., | : | |
| Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on July 28, 2020

**On brief:** *Wood Law Limited.*, and *Robert C. Wood,* for appellees Chou Katella Partners, LLC, and Corex Partners, LLC. **Argued:** *Robert C. Wood*

**On brief:** *Rich & Gillis Law Group, LLC, Mark H. Gillis,* and *Richelle L. Thoburn,* for appellant. **Argued:** *Mark H. Gillis.*

APPEAL from the Ohio Board of Tax Appeals

BEATTY BLUNT, J.

{¶ 1} Westerville City Schools Board of Education ("Appellant") appeals the April 17, 2019 decision of the Ohio Board of Tax Appeals ("BTA") reversing the September 6, 2018 decision of the Franklin County Board of Revision ("BOR") to deny the hearing request of Corex Partners, L.L.C./Chou Katella Partners, L.L.C. ("Corex") and to

remand the case to the BOR. This case concerns the tax valuation for years 2014 and 2015 of an office building located at 2400 Corporate Exchange Dr. in Westerville, and we reverse the decision of the BTA and remand the case with instructions to reinstate the Franklin County Auditor's original valuation for those tax years.

{¶ 2}   Pursuant to R.C. 5715.19(A), a taxpayer challenging the valuation of a property must ordinarily file a complaint by March 31st of the year after the tax year being challenged. But as the Supreme Court of Ohio has observed, under R.C. 5715.19(D) a taxpayer need not file a new complaint if the taxpayer "already has a complaint in the pipeline regarding that particular parcel and the county board of revision does not determine that complaint within 90 days, the taxpayer does not need to file complaints in succeeding years regarding that same parcel for as long as the original complaint is unresolved." *Life Path Partners, Ltd. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 238, 2018-Ohio-230, ¶ 1. This exception to the general jurisdictional filing requirement has come to be known as "continuing-complaint jurisdiction." *Id.*

{¶ 3}   Corex owned the office building during the challenged tax years 2014 and 2015. The Franklin County Auditor initially valued the property for those years at $4.5 million per year. Corex challenged those valuations to the BOR under R.C. 5715.19(D)'s "continuing-complaint jurisdiction," based on a complaint they had originally filed for the tax year 2011 and that had not yet been finally determined by the BOR. On October 4, 2016, the BOR issued reductions for 2014 and 2015 based on that complaint, and assigned new tax values of $1.85 million for 2014 and $2.475 million for 2015. Appellant in turn challenged those BOR reductions to the BTA, and on September 11, 2017, the BTA reversed the decision of the BOR and "remand[ed] the matter to the BOR with instructions to vacate its decisions, the practical effect being that the auditor's value will be reinstated."

*Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2016-2173, 2017 Ohio Tax LEXIS 2245 (Sept. 11, 2017) (hereinafter "*Corex I*"). Corex appealed that decision to this court, but we dismissed that appeal for lack of mandatory service on the county auditor and the BOR. *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-724 (May 3, 2018) (memorandum decision) (hereinafter "*Corex II*"). Appellees did not appeal *Corex II* to the Supreme Court.

{¶ 4}   The BTA's decision to reverse and remand the BOR's October 2016 decision in *Corex I* was premised on its earlier decision in *MDM Holdings, Inc. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2015-60, 2015 Ohio Tax LEXIS 2480 (June 2, 2015) that continuing-complaint jurisdiction under R.C. 5715.19(D) "ended at the end of the year during which the earlier complaint was finally determined." *Corex I* at 4. But on January 24, 2018, the Supreme Court issued a decision in the appeal of *MDM Holdings*, and rejected that position, holding that " 'nothing in [R.C. 5715.19(D)] authorizes the BOR to dismiss a continuing complaint for lack of timeliness.' Such a deadline is contrary to the plain language of the statute, which provides that until the original complaint is resolved, the complaint 'shall continue in effect without further filing by the original taxpayer.' " *MDM Holdings, Inc. v. Cuyahoga Cty. Bd. of Revision*, 152 Ohio St.3d 555, 2018-Ohio-541, ¶ 9, quoting *Life Path Partners* at ¶ 10. Accordingly, the Supreme Court reversed the BTA's decision in *MDM Holdings*, and remanded the case back to the BTA for further proceedings. *Id.* at ¶ 15.

{¶ 5}   Apparently inspired by *MDM Holdings,* rather than appealing this court's decision in *Corex II* to the Supreme Court, Corex "asked the BOR for another continuing complaint hearing on the same tax years." (*See* BOR Case No. 11-004240 dismissal letter (Sept. 6, 2018).) The BOR dismissed the continuing complaint "due to a continuing

complaint hearing already occurring on September 16, 2016." *Id.* But Corex then appealed that dismissal to the BTA, which reversed and "remanded the case to the BOR to consider tax years 2014 and 2015." *Westerville City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, BTA No. 2018-1602, 2019 Ohio Tax LEXIS 809, at 3 (April 17, 2019) (hereinafter "*Corex III*").

{¶ 6} Appellant asserts ten errors with the BTA's decision in *Corex III*, which it narrows to 2 issues of law:

> [I]. The BTA's decision is unlawful because it allows the Property Owners to re-litigate tax years which were finally determined by this Court on May 4, 2018. [II]. R.C. 5715.19(D) does not permit multiple continuing complaint requests from the same original complaint or for the same tax years.

{¶ 7} "When reviewing a BTA decision, we determine whether the decision is reasonable and lawful; if it is both, we must affirm." *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, ¶ 13 (citing R.C. 5717.04). The BTA's factual findings are entitled to deference as long as they are supported by reliable and probative evidence in the record. *Bd. of Edn. of the Westerville City Schools v. Franklin Cty. Bd. of Revision,* 146 Ohio St.3d 412, 2016-Ohio-1506, ¶ 26. But although the BTA is responsible for determining factual issues, this court will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion. *Bd. of Edn. of the Westerville City Schools* at ¶ 21. Such questions of law are reviewed de novo. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 7; *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 12, 2017-Ohio-2734, ¶ 13. In this case, the only questions before us are legal ones that involve the jurisdiction of the BTA and whether that jurisdiction has been properly invoked, and accordingly our review is de novo.

{¶ 8}  As we noted above, a taxpayer challenging the valuation of a property must ordinarily file a timely complaint to invoke the BOR's jurisdiction to review that valuation. R.C. 5715.19(A). But continuing-complaint jurisdiction is an exception to that requirement—R.C. 5715.19(D) provides, in pertinent part:

> If a complaint filed under this section for the current year is not determined by the board within the time prescribed for such determination, the complaint *and any proceedings in relation thereto shall be continued by the board as a valid complaint for any ensuing year until such complaint is finally determined by the board or upon any appeal from a decision of the board.* In such case, the original complaint shall continue in effect without further filing by the original taxpayer, the original taxpayer's assignee, or any other person or entity authorized to file a complaint under this section.

 (Emphasis added.) Accordingly, under the statute a county board of revision may exercise "continuing-complaint" jurisdiction over a real-property-valuation dispute under R.C. 5715.19(D) for a given tax year even though no formal complaint was filed for that year, so long as the original complaint has not been "determined by the board within the time prescribed [and] until such complaint is finally determined by the board or upon any appeal from a decision of the board." *Id.*

{¶ 9}  In its decision holding that the BOR had continuing-complaint jurisdiction over tax years 2014 and 2015, the BTA concluded that under the Supreme Court's decision in *Life Path Partners*, 2018-Ohio-230, ¶ 10, it was "unable to find that the statute bars appellant's continuing complaint hearing request as untimely," and that under the court's decision in *MDM Holdings, Inc.,* 2018-Ohio-541, ¶ 9, the BTA was precluded from "impos[ing] stricter requirements than the statute imposes."

> [T]he Supreme Court has repeatedly held this board cannot impose requirements not explicitly found in R.C. 5715.19. * * * Here, we are unable to find the statute bars appellant's

> continuing complaint hearing request as untimely; we cannot impose stricter requirements than the statute imposes.
>
> [Further, we find that] [r]es judicata does not apply in this case given [the] nature of our decision in [*Corex I*].
>
> [O]ur decision in [*Corex I*] was a jurisdictional determination, not a merit determination of value. * * * [O]ur decision in [*Corex I*] *vacated* the decision of the BOR. * * * As a consequence, today, there is no authoritative BOR decision alive and well for tax years 2014 and 2015.
>
> * * *
>
> Per *Life Path* and *MDM*, we hold the BOR must consider the value of [the parcel] for tax years 2014 and 2015 * * *.

*Corex III* at 3. Appellant admits that the BTA's decision in *Corex I* "was not a merit determination of value," but argues that this court's May 3, 2018 memorandum decision in *Corex II*, which dismissed the appeal of the BTA decision, constitutes a "final determination" of appellant's valuation challenge for tax years 2014 and 2015. Appellant therefore contends that further litigation over appellant's valuation challenge is barred by the doctrine of res judicata and by the law of the case. Appellant also contends that despite the fact that "there is no BOR decision alive and well for tax years 2014 and 2015," the plain language of R.C. 5715.19(D) does not allow the BOR to exercise jurisdiction over a successive continuing-complaint valuation challenge.

{¶ 10} Neither appellant nor Corex have identified case law interpreting the R.C. 5715.19(D) statutory phrase "finally determined." The reach of that phrase would seem to be a threshold question to our analysis in this case, and appellant argues that the plain and obvious meaning of the phrase establishes that our decision in *Corex II* dismissing the appeal of *Corex I* and Corex's subsequent failure to appeal our dismissal to the Supreme Court operated as a "final determination" of the valuation challenge to tax years 2014 and 2015. In appellant's view, this case is less about the meaning of the statute than it is about

the more general rules relating to finality of judgments. Corex takes the opposite position, arguing that R.C. 5715.19(D) does not specifically contain a termination point to its ability to invoke the BOR's continuing-complaint jurisdiction. Corex argues the Supreme Court's decisions in *MDM Holdings* and *Life Path Partners* establish that it had the right to seek a revaluation and that its tax liability has not been "finally determined" by the BOR, since the BTA vacated the BOR's revaluation in *Corex I.*

{¶ 11} While Corex's argument is clever, it fails to account for our dismissal of its appeal of *Corex I* and its own decision to refrain from appealing that judgment. Instead, we agree with appellant—the BTA was barred from ordering the BOR to revalue the property for tax years 2014 and 2105. The doctrine of res judicata provides that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus, cited in *Lowe's Home Ctr., Inc. v. Washington Cty. Bd. of Revision*, 154 Ohio St.3d 463, 2018-Ohio 1974, ¶ 33. Res judicata includes "claim preclusion," *Grava* at 381, which "holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Dehlendorf v. Ritchey*, 10th Dist. No. 12AP-87, 2012-Ohio-5193, ¶ 13, citing *Grava* at syllabus. The Supreme Court held in *Grava* that " 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit' " and noted that " 'the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it.' " (Emphasis added.) *Id.* at 382, quoting *Natl. Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990). Similarly, the law-of-the-case doctrine ensures that the decision of a reviewing

court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984). The law-of-the-case doctrine "precludes a litigant from attempting to rely on arguments at a retrial which were fully pursued, *or available to be pursued*, in a first appeal." (Emphasis added.) *Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-05 (1996), citing *Beifuss v. Westerville Bd. of Edn.*, 37 Ohio St.3d 187, 191 (1988). "New arguments are subject to issue preclusion, and are barred." *Hubbard* at 405. And if the Supreme Court "refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of appeals opinion becomes the law of the case." *Id.*, citing *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995).

{¶ 12} Notably, the BTA decision in *Corex III* is totally silent as to the effect of our decision dismissing *Corex II*. Instead, the BTA simply notes that *Corex I* "was never overturned or modified by any higher court, neither the Tenth District or the Ohio Supreme Court" and then goes on to directly reconsider its decision in *Corex I*, which vacated the BOR's determination regarding tax years 2014 and 2015. *Corex III*, 2019 Ohio Tax LEXIS 809 at *3 ("[T]he BOR must consider the value of [the] parcel * * * for tax years 2014 and 2015, because [Corex et al.] have requested that of the BOR and because there is no active decision of the BOR on those years."). But our dismissal of *Corex II* was not based on the BOR's tax valuations or on the BTA's action in vacating those valuations; it was based on a jurisdictional flaw for which Corex alone was responsible. Corex failed to serve the BOR and the Franklin County Auditor with copies of its notice of appeal, and in *Corex I* we observed that "[t]he requirements for perfecting an appeal under R.C. 5717.04 are mandatory and jurisdictional. When an appellant does not comply with this statute, we have no jurisdiction and the appeal must be dismissed." *Corex II* at ¶ 5.

{¶ 13} While Corex is correct in its assertion that there is "nothing in [R.C. 5715.19(D)] authorizes the BOR to dismiss a continuing complaint for lack of timeliness," *Life Path Partners* at ¶ 10, neither is there any language in the statute that authorizes a party to file multiple challenges or permits the BOR to accept a continuing-complaint challenge to valuation when that same challenge has been previously dismissed by a court for lack of jurisdiction. A taxpayer is not entitled to a revaluation unless it is provided for by the law, but such an extralegal revaluation is precisely what the BTA has provided Corex in this case.

{¶ 14} In short, Corex made the same argument in *Corex III* that it already presented in *Corex I,* and unsuccessfully attempted to present in *Corex II.* Had Corex appealed our dismissal in *Corex II* and prevailed, it would have been entitled to revaluation on remand. Instead, it chose to start over with the BOR, but the BTA is not authorized to reconsider the merits of its decisions after they have been appealed. Res judicata and the law-of-the-case doctrine operate to preclude relitigation of any issue that was or could have been determined by a decision in that case, and that includes the argument that Corex presents here. For these reasons, appellant's assignments of error are sustained. The decision of the Ohio Board of Tax Appeals is reversed, and this cause is remanded to the Board for entry of a judgment consistent with this opinion.

*Decision reversed and remanded.*

BROWN and DORRIAN, JJ., concur.

―――――――――――